IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )   No: 2:15cr116 |
| v. | ) |
| | ) |
| WESLEY PAUL HADSELL, | ) |
| | ) |
| Defendant. | ) |

RESPONSE OF THE UNITED STATES TO DEFENDANT'S POSITION ON SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Benjamin L. Hatch, Assistant United States Attorney, hereby submits this brief response to Defendant's Position on Sentencing (Docket No. 45).[1]

In its Position on Sentencing, the United States generally addressed the defense objections to the Presentence Report. In the Defendant's Position on Sentencing, the defendant relied on *Descamps v. United States*, 133 S. Ct. 2276 (2013), and cases applying *Descamps*, to argue that Hadsell's conviction for statutory burglary in Virginia is not a predicate crime of violence. Because the United States had not addressed *Descamps* in its sentencing position, the United States files this brief response to address *Descamps*.

*Descamps* held that the so-called modified categorical approach does not apply to offenses that contain a single, indivisible set of elements. Hadsell makes two arguments in reliance on *Descamps*. First, he argues that the Virginia statutory burglary offense does not

---

[1] Undersigned counsel has contacted defendant's counsel, Jason A. Dunn, and Mr. Dunn has no objection to the filing of this response.

1

require unlawful entry, similar to the offense in *Descamps*.   Second, he argues that the inclusion of boats and rail cars in the ambit of the Virginia statutory burglary offense are alternate means of committing the offense, as opposed to alternate elements, and therefore the offense in indivisible and the modified categorical approach is inappropriate.

Beginning with the former argument, *Descamps* noted that the California statute at issue there was unusual in that it allowed for conviction of any person who enters certain locations with intent to commit larceny, and did not require a showing that the defendant broke and entered as it typically required of generic "burglary" offenses.   *Id.* at 2282.   *Descamps* concluded that the California offense did not set forth different elements for entry and therefore it could not be subject to the modified-categorical approach.   The Virginia statutory burglary offense, however, has different elements related to entry based on when the entry occurred: "any person in the nighttime enters without breaking *or* in the daytime breaks and enters."   Va. Code § 18.2-90 (emphasis added).   Hadsell's citation to the Virginia jury instructions only confirms the conclusion that these are alternate elements as *Descamps* used that term.   At page 8 of his sentencing position, Hadsell quotes a Virginia jury instruction that clearly has alternate elements depending on when the offense occurred and includes breaking and entering during the daytime. That these are different elements is further confirmed by the fact that they do not appear to be overlapping categories.   One who enters in the nighttime does not enter in the daytime and vice-versa.   Reading the Virginia Code, and as confirmed by the jury instructions, it is clear that the prosecutor can allege these different elements of committing the offense and proceeding on any one of them is sufficient to support the element of entry in the offense.

Because the statute sets for different elements, it is divisible and *Descamps* therefore

allows use of the modified-categorical approach. Here, reference to *Shepard* approved sources shows that Hadsell was charged with, and pled guilty to, a criminal information that charged him with "break and enter." Exhibit 3, p.1. Therefore, Hadsell's prior conviction for statutory burglary did include the element of unprivileged entry and the finder of fact found that element in accepting the guilty plea.

Turning to the latter argument, Hadsell argues that the Virginia statutory burglary offense is indivisible in light of *Descamps* because boats and rail cars are not separate elements from a building. Such an argument is inconsistent with the terms of *Descamps* itself. In the second paragraph of the decision, the Court described the types of statutes that are "divisible," i.e., subject to the modified categorical approach, by reference to a hypothetical burglary statute involving buildings and cars:

> We have previously approved a variant of this method – labeled (not very inventively) the "modified categorical approach" – when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—*for example, stating that burglary involves entry into a building or an automobile*. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

*Descamps*, 133 S. Ct. at 2281 (emphasis added). The Court proceeded to state that "[t]his case presents the question whether sentencing courts may also consult those additional documents when a defendant was convicted under an 'indivisible' statute – i.e., one not containing alternative elements – that criminalizes a broader swath of conduct than the relevant generic offense." *Id.* So *Descamps* made clear that its analysis was focused on *in*divisible offenses

3

and it specifically used an example like the Virginia statutory burglary offense to describe statutes that are *divisible*.

If there were any remaining doubt on this score, it ought to be dispelled by the *Descamps* Court's summary of its own decision in *Taylor*. *Descamps*, 133 S. Ct. at 2284. The Court noted that *Taylor* considered the hypothetical case of a burglary statute covering both entry into a building and an automobile. *Id.* Such statutes were subject to the modified categorical approach (i.e., divisible) because "[i]n a typical case brought under the statute, the prosecutor charges one of these two alternatives, and the judge instructs the jury accordingly." *Id.* In this manner, the jury is actually required to find all the elements of generic burglary as the categorical approach demands. *Id.* *Descamps* discussed *Taylor* approvingly and did not purport to overrule it. The same is true of *Shepard*, which *Descamps* discussed approvingly. *See id*. (in *Shepard*, "[w]e confronted a Massachusetts burglary statute covering entries into 'boats and cars' as well as buildings").

Exactly what *Taylor* and *Shepard* envisioned occurred with respect to Hadsell's Virginia statutory burglary conviction. Whatever alternate elements there might be under the offense that sweep more broadly than the generic definition of "burglary," reference to the criminal information to which Hadsell pled guilty demonstrates that the finder of fact had to conclude, among other elements not at issue, that (1) Hadsell "did break and enter" (2) a building, to whit "an office, shop, storehouse, warehouse or other house." He therefore was charged with, and pled guilty to, an offense that meets the "generic" definition of burglary.

If Hadsell's argument were correct, then *Descamps* would have overruled *Taylor* and *Shepard* rather than discussing them approvingly. It also bears note that Hadsell's argument

4

would mean that the various cases recognizing that the modified categorical approach applies to Virginia's statutory burglary offense have all been overruled. *See, e.g., United States v. Baxter*, 642 F.3d 475, 476-77 (4th Cir. 2011); *United States v. Foster*, 662 F.3d 291, 293-94 (4th Cir. 2011) (analyzing a closely related Virginia burglary statute); *United States v. Major*, 801 F. Supp. 2d 511, 516 (E.D. Va. 2011); *United States v. Baxter*, 677 F. Supp. 2d 918, 921 (W.D. Va. 2010). The United States is not aware of any authority in the Fourth Circuit or elsewhere suggesting that *Descamps* overruled these various cases, which is unsurprising given that *Descamps* specifically recognized that statute's like Virginia's are subject to *Taylor* and *Shepard* analysis.

Respectfully submitted,

Dana J. Boente
United States Attorney

By:         /s/
Benjamin L. Hatch
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: 757-441-6331
Facsimile Number: 757-441-6689
E-Mail Address: Benjamin.Hatch@usdoj.gov

<u>Certificate of Service</u>

I hereby certify that on the 21st day of June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to the following:

    Jason A. Dunn, Esq.
    Jason A. Dunn, PLC
    565 N Birdneck Rd
    Virginia Beach, VA 23451

                                                       /s/
                                        Benjamin L. Hatch
                                        Assistant United States Attorney
                                        United States Attorney's Office
                                        101 West Main Street, Suite 8000
                                        Norfolk, VA 23510
                                        Office Number: 757-441-6331
                                        Facsimile Number: 757-441-6689
                                        Email: <u>Benjamin.Hatch@usdoj.gov</u>