UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*NORFOLK DIVISION*

UNITED STATES OF AMERICA,

v.                          Criminal Case Number 2:15cr00116-001

WESLEY PAUL HADSELL,

Defendant.

## DEFENDANT'S SUPPLEMENTAL POSITION ON SENTENCING

NOW COMES the defendant Wesley Paul Hadsell (the "Defendant"), by

counsel, for his supplemental position on the sentencing factors set forth in 18

U.S.C. § 3553(a) in response to the Court's directive to file a supplemental brief

addressing whether the recent opinion of the Supreme Court of the United States in

*Mathis v. United States*, 579 U.S. ___ (2016)(*slip opinion*) impacts the parties'

unresolved objections to the Presentence Investigation Report (the "PSR").  The

Defendants asserts the Defendant's prior conviction for Virginia statutory burglary

does not qualify as a predicate "crime of violence" pursuant to the Armed Career

Criminal Act (the "ACCA") following the Supreme Court's opinion in *Mathis*.

Accordingly, the Defendant is not an armed career criminal and he is not subject to

the enhanced penalties contained in 18 U.S.C. §§ 924(e)(1), (e)(2)(B)(ii).

Therefore, the Defendant's objections to paragraphs 25, 117, and 118 should be

sustained and the Defendant is now only subject to a penalty range of zero (0) to

1

(10) years of incarceration.  In support of his position, the Defendant states as

follows:

## ARGUMENT

### I.  THE DEFENDANT'S PRIOR CONVICTION FOR VIRGINIA STATUTORY BURGLARY DOES NOT QUALIFY AS A PREDICATE CRIME OF VIOLENCE FOR PURPOSES OF THE ACCA ENHANCEMENT FOLLOWING THE SUPREME COURT'S OPINION IN *MATHIS*.

The ACCA imposes a fifteen (15) year mandatory minimum sentence on a

defendant convicted of being a felon in possession of ammunition who also has

three prior state or federal convictions "for a violent felony," including "burglary

arson, or extortion."  *Mathis*, 579 U.S. ___, at *1-2.  To determine whether a prior

conviction is for one of the listed crimes, which are referred to as enumerated

offenses, courts must apply the categorical approach – they ask whether the

elements of the offense of conviction match the elements of the generic version of

the offense, while ignoring the facts of the particular case.  *Mathis, 579 U.S. at *2;

Taylor v. United States*, 495 U.S. 575, 600-601 (1990).  Elements are the parts of a

crime's legal definition, which must be proved beyond a reasonable doubt to obtain

a conviction.  *Id.* at *2.  A crime counts as "burglary" under the ACCA if the

elements are the same as, or narrower than, those of the generic offense.  *Id. at *3.

However, if the crime of conviction covers any more conduct that the generic

offense, then it is not an ACCA "burglary, even if the Defendant's actual conduct

(i.e. the facts of the crime) fits within the generic offense's boundaries." *Mathis*, 579 U.S. at *3.

When a statute defines a single crime with a single set of facts with a single set of elements, the Courts apply the categorical approach. *Id. at* * 3. However, in a limited number of circumstances where a statute defines multiple crimes by listing multiple, alternative elements, the Courts may use the "modified categorical approach" to determine which alternative elements supported the prior conviction. *Id.* The "modified categorical approach" permits this Court to examine a limited set of documents from the record of the prior conviction to determine whether the Defendant's crime involved the same elements of the generic version of the offense. *Id.* (*citing Shepard v. United States*, 544 U.S. 13, 26).

In *Mathis*, the Supreme Court examined an alternatively worded statute that defined only one crime, with one set of elements that could be committed by alternative factual means. 579 U.S. ___, * 4. The Court characterized the Iowa burglary statute as a statute that "enumerates various factual means of committing a single element." *Id.* at *4. Mathis had five prior Iowa burglary convictions. Iowa's burglary statute punished burglaries of "any building, structure, or *land, water or air vehicle*. *Id.* at *5 (*emphasis added*). Under the generic definition, burglary requires unlawful entry into a "building or structure." *Id.* (*citing Taylor*, 495 U.S. at 598).

In *Mathis*, the Court noted that for more than twenty-five years, its decisions have held that a prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of a generic offense. 579 U.S. ___, *1. The question presented was whether the ACCA makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements. *Id.* The Supreme Court held that there is no such exception. The Court noted that sentencing courts must apply the categorical approach in analyzing whether a prior conviction is a generic burglary and the courts focus solely on whether the elements of the crime sufficiently match the elements of a generic burglary. *Id.* at *2. "Elements" are the "constituent parts" of a crime's legal definition. *Id.* The elements are what the jury must find beyond a reasonable doubt to convict a defendant and at plea hearings, they are what the defendant necessarily admits to when he pleads guilty. *Id.* at *2.

In *Mathis*, the Supreme Court analyzed whether the Iowa burglary law qualified as an ACCA predicate. *Id.* at *5. The Iowa statute itemized various places that the crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury would not have to make any specific findings as to where the crime occurred. *Id.* The Court concluded that the Iowa statute was broader than a generic burglary because it reached a broader range of places,

including any land, water, or air vehicle. *Id.* (citing Iowa Code § 702.12 (2012)).

The Court reasoned that these locations are not alternative elements, going toward

the creation of separate crimes. *Id.* at *6. "To the contrary, they lay out alternative

ways of satisfying a single locational element." *Id.* The Court found that the

statute defines one crime, with one set of elements, broader than generic burglary-

while specifying multiple means of fulfilling its locational element, some of which

did not meet the generic definition, such as vehicles. *Id.* The District Court

imposed an ACCA enhancement on Mathis after inspecting the records of his prior

convictions. In overturning the enhancement, the Court stated how a given

defendant actually perpetrated the crime makes no difference; even if his conduct

fits the generic offense. Id. at *7-8. The Court reaffirmed it prior holding in

*Taylor* that it is impermissible for a particular crime to sometimes count towards

enhancement and sometimes not, depending on the facts of the case. *Id.* at 8.

Therefore, a sentencing judge should only look to the elements of the offense. *Id.*

The Court's holding in *Mathis* was based, in part, upon its concerns that judicial

factfinding by a sentencing judge would raise serious Sixth Amendment concerns

since only a jury, and not a judge, may find facts that increase a maximum penalty,

except for the simple fact of a prior conviction. *Id.* at 8 (*citing Apprendi v. New*

*Jersey*, 530 U.S. 466, 490 (2000))

Virginia statutory burglary does not qualify as a predicate violent felony offense for purposes of ACCA due to the Supreme Court's prior holdings in *Taylor v. United States*, 495 U.S. 575 (1990), *Descamps v. United States*, 133 S. Ct. 2276 (2012), and its recent holding in *Mathis v. United States*, 579 U.S. ____ (2016)(slip opinion), which reaffirmed these earlier decisions.

When a breaking and entering statute permits conviction based on entry into cars, boats or vending machines, they do not count as "generic" burglary convictions under *Taylor*. The Defendant was convicted under Virginia Code §§ 18.2-90 and 18.2-91, which at the time of his conviction stated:

> If any person in the nighttime enters without breaking or in the daytime breaks and enters and conceals himself in a dwelling house or an adjoining, occupied outhouse or in the nighttime enters without breaking or at any time breaks and enters or enters and conceals himself in any office, shop, manufactured homes, storehouse, warehouse, banking house, or other house, or any ship, vessel or river craft or any railroad car, or any automobile, truck or trailer, if such automobile, truck or trailer is used as a dwelling or place of human habitation, with intent to commit murder, rape or arson in violation of §§ 18.2-77, 18.2-79 or § 18.2-80, he shall be deemed guilty of statutory burglary, which offense shall be a Class 3 felony. However, if such person was armed with a deadly weapon at the time of such entry, he shall be guilty of a Class 2 felony.

> If any person commits any of the acts mention [above] with intent to commit larceny, or any felony other than murder, rape or arson in violation of [Virginia Code] §§ 18.2-77, 18.2-79 or § 18.2-80, or if person commits any of the acts mentioned [above] with intent to commit assault and battery, he shall be guilty of statutory burglary, punishable by confinement in a state correctional facility for not less than one or more than twenty years or, in the discretion of the jury or the court trying the case without a jury, be confined

in jail for a period not exceeding twelve months or fined not more than $2,500.00, either or both.

Va. Code §§ 18.2-90 and 91.  The first paragraph, § 18.2-90, authorizes enhanced punishments when the "intent" is to commit certain specified offense that do not include larceny.  The second paragraph, § 18.2-91, specifies the available punishment when the breaking and entry into the structure, vessel or vehicle is done "with intent to commit larceny".

The Virginia statute is not a divisible statute.  It simply defines various factual means of satisfying the locational element of the crime.  *See Mathis*, 579 U.S. __ at *5.  The Virginia burglary statute is broader than a "generic" burglary because it includes breaking and entering automobiles, rail cars and watercraft, which are not within generic definition of burglary.  Importantly, the entry of automobiles, boats and rail cars with the intent to commit additional criminal offenses are not described as separate crimes with separate penalties, nor are they described in separate subsections of the Virginia statute.  These are simply alternative methods of committing the single and indivisible crime of statutory burglary with the intent to commit larceny under Virginia law.  *See Omargharib*, 775 F.3d at 199; *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014) ("The critical distinction is that while indivisible statutes may contain multiple, alternative

means, only divisible statutes contain multiple, alternative elements of functionally separate crimes").

Therefore, the Defendant's prior statutory burglary convictions should be analyzed using the categorical approach.  This interpretation is further bolstered by the commentary to the applicable Virginia Model jury instruction:

> Section 18.2-91 also classifies as statutory burglary the act of entry at nighttime or the breaking or entering during day or nighttime or entry and concealment during the daytime in any office, shop, manufactured homes, storehouse, warehouse, banking house, or of any other house, ship, vessel, river draft, railroad car, or of any automobile, truck or trailer used as a dwelling or place of human habitation, with intent to commit larceny, assault, battery, or any felony other than murder, rape, or robbery, or (as of July 1, 1997) arson.

*Id.* at I-283 (2001) (emphasis added).

A jury would not be required to unanimously find that the offense was committed upon a structure versus a vessel, railroad car, automobile or truck – as would be required if were the structure type were considered *elements* of the offense of burglary.  *See Apprendi v. New Jersey*, 530 U.S. 466, 476-78 (2000) (noting that elements of an offense must be found by a jury, citing *In re Winship*, 397 U.S. 358, 364 (1970)); *Richardson v. United States*, 526 U.S. 813 (U.S. 1999) (explaining the jury unanimity requirement for every element of an offense).  Because it does not treat these options as elements requiring unanimity, it is an indivisible statute under *Omargharib, Descamps, Johnson,* and *Mathis*.  Thus, only

the categorical approach should be applied to all Virginia statutory burglary predicates; the modified categorical approach cannot be used.

In *Span*, the Fourth Circuit recognized the Court may not employ the "modified categorical approach" where the defendant has a prior conviction under an indivisible statute, i.e., one that does not list alternative elements, to determine whether the prior conviction qualified as an ACCA predicate. *Id.* at 331. The Court also acknowledged "the tension between *Descamps* and the Fourth Circuit's prior holding in *United States v. Thompson*, 421 F. 3d 278 (4th Cir. 2005), which permits a sentencing court to dive into *Shepard* approved documents to sort out the facts of the predicate conviction. *Id.* at 331-332. The Fourth Circuit decided to "leave to another case on another day the continued viability of *Thompson*" because the Government failed to satisfy its burden to establish that Span was an armed career criminal on other grounds. *Id.* at 332. The Fourth Circuit's opinion in *Thompson* is no longer controlling authority based upon the recent opinion in *Mathis* and this Court should employ the categorical approach as to the Defendant's prior statutory burglary conviction.

Utilizing the categorical approach, it is clear that the Virginia statutory burglary statute suffers from the same infirmity as the Iowa statute in *Mathis* because its locational element contains places that do not constitute a generic burglary, including ships, vessels, and railroad cars. *Compare Mathis* and Virginia

Code §§ 18.2-90 and 18.2-91.  Since Virginia statutory burglary includes conduct not within the *Taylor* definition of generic burglary, it cannot be used under the "enumerated offense" clause.  It additionally never fit under "Force Clause," and now, it can no longer count as a "residual clause" offense, given the Supreme Court's holding in *Johnson* that the ACCA residual clause was unconstitutionally vague.  Accordingly, the Defendant's prior conviction for Virginia statutory burglary is not a predicate crime of violence for purposes of the ACCA.

## II.    CONCLUSION

Based upon the arguments and authorities set forth above and the arguments contained in the Defendant's initial position on sentencing, the Defendant is not an armed career criminal and the Court should sustain the Defendant's objections to the ACCA designation contained in the PSR because the Defendant's prior convictions for North Carolina felonious restraint, North Carolina breaking and entering, and Virginia statutory burglary do not qualify as ACCA predicate felony offenses based upon the holdings of the Supreme Court in *Simmons, Johnson,* and *Mathis*.  Therefore, the Defendant has not been convicted of three ACCA predicate crimes of violence and he is not eligible for an enhanced sentence.

WESLEY PAUL HADSELL

_____/s/_____
Jason A. Dunn, Esq.
Virginia State Bar No.: 68117
*Counsel for the Defendant*
Jason A. Dunn, PLC
565 N. Birdneck Road
Virginia Beach, VA 23451
Telephone: (757) 383-6848
Facsimile: (757) 383-6849
Jason.dunn@jdunnplc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2016, I served a true copy of the foregoing via

the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record,

including:

Benjamin Hatch, Esq.
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number – 757-441-6331
Facsimile Number - 757-441-6899
Email –Benjamin.Hatch@usdoj.gov

Andrew C. Bosse, Esq.
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number – 757-441-6331
Facsimile Number - 757-441-6899
Email-andrew.bosse@usdoj.gov

11

Richard D. Cooke
United States Attorney's Office (Richmond)
SunTrust Building
919 East Main Street
Suite 1900
Richmond, VA 23219
Office Number- 804-819-5449
richard.cooke@usdoj.gov

                                                 /s/_____
Jason A. Dunn, Esq.
Virginia State Bar No.: 68117
*Counsel for the Defendant*
Jason A. Dunn, PLC
565 Birdneck Road
Virginia Beach, VA 23451
Telephone: (757) 383-6848
Facsimile: (757) 383-6849
Email: jason.dunn@jdunnplc.com

12