IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

UNITED STATES OF AMERICA,

v.                                    Criminal No.: 2:15CR00116-001

WESLEY PAUL HADSELL,

    Defendant.

## **DEFENDANT'S SECOND SUPPLEMENTAL POSITION ON SENTENCING**

NOW COMES the defendant Wesley Paul Hadsell (the "Defendant"), by counsel, pursuant to § 6Al.2 of the *Sentencing Guidelines and Policy Statements* and the Court's sentencing procedures order for his second supplemental position on sentencing in order to address Amendment 798 to the United States Sentencing Guidelines ("U.S.S.G.") and additional case law developments since the filing of the Defendant's initial Position on Sentencing (ECF Doc. No. 45) and the Defendant's Supplemental Position on Sentencing (ECF Doc. No. 49). Based on current law and for the reasons set forth in his prior two positions on sentencing, the Defendant's prior conviction for Virginia statutory burglary does not qualify as a predicate "crime of violence" pursuant to the Armed Career Criminal Act (the "ACCA") and he is not subject to the enhanced penalties contained in 18 U.S.C. § 924(e)(1), (e)(2)(B)(ii). Further, the defendant's base offense level and total offense level contained in the Presentence Investigation Report (the "PSR") should be recalculated to reflect the amendments to § 4B1.2 of the United States Sentencing Guidelines, which were made effective August 1, 2016. *See* Amendment 798, U.S.S.G. Based on these authorities, the Defendant asserts that a sentence of thirty (30) months of incarceration is sufficient, but not greater than necessary to satisfy the sentencing factors set forth in 18 U.S.C. § 3553(a). In support, the Defendant states as follows:

1

**PROCEDURAL HISTORY**

The Defendant was indicted, by superseding indictment, on two counts of felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924 (a)(2) & 924(e).  On November 6, 2015, the Defendant entered a guilty plea to Count One of the superseding indictment, pursuant to a written plea agreement.  The written plea agreement maintained the Defendant's right to contest whether he meets the criteria for a sentencing enhancement pursuant to the ACCA, which is codified at 18 U.S.C. § 924(e).

The Presentence Investigation Report (the "PSR") was prepared by the United States Probation Office and filed on February 11, 2016.  ECF Doc. No. 38.  Counsel for the Defendant filed his first Position on Sentencing on June 17, 2016.  ECF Doc. No. 45.  The Defendant's sentencing hearing was initially scheduled on June 24, 2016.  However, the hearing was continued by the Court following the issuance of the opinion of the United States Supreme Court in *Mathis v. United States*, No. 15-6092, 579 U.S. ___ (June 23, 2016).  Following the continuance, the Court directed counsel for Defendant and counsel for the United States to file supplemental briefs addressing the impact of the *Mathis* opinion on the parties unresolved objections to the Presentence Investigation Report (the "PSR").  On July 7, 2016, counsel for the Defendant filed his Supplemental Position on Sentencing (*See* ECF Doc. 49) in which he asserted that the Defendant was could not be classified as an armed career criminal because his prior conviction for Virginia Statutory burglary did not qualify as a predicate "crime of violence" following the Supreme Court's opinion in *Mathis*.  The Defendant requests that the Court consider the authorities below in addition to the *Mathis* opinion.

### RECENT CASELAW IN SUPPORT OF THE DEFENDANT'S POSITION THAT VIRGINIA STATUTORY BURGLARY IS NOT A PREDICATE "CRIME OF VIOLENCE" FOR PURPOSES OF THE ACCA

In *United States v. White*, 2016 U.S. App. LEXIS 16579 (4th Cir. September 9, 2016), the United States Court of Appeals for the Fourth Circuit considered whether a defendant's West Virginia burglary convictions could still meet the definition of an ACCA violent felony, despite the Supreme Court's invalidation of the residual clause of the ACCA. Specifically, the Court addressed whether a burglary, pursuant to W. Va. Code § 61-3-11(a), qualified as "burglary" under the ACCA. *Id.* at * 15. The Fourth Circuit stated that it was using the categorical approach to determine whether the West Virginia burglary conviction qualified as an enumerated offense under the ACCA. *Id.* The Court noted that it was focused solely on whether the elements of the crime of conviction sufficiently match the elements of the generic crime of burglary, rather than the facts of the case. *Id.* at *16. The Court examined the relevant statute and found that the statute explicitly encompassed the burglary of vehicles. *Id.* at *18. Accordingly, the Court found that the West Virginia burglary statute encompasses conduct that is excluded under the generic definition of "burglary." *Id.* The Supreme Court previously defined a generic burglary as the "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *See Taylor v. United States*, 495 U.S. 575, 598 (1990). The Fourth Circuit noted that the Supreme Court recently held that an Iowa burglary statute did not qualify as an ACCA predicate under the enumerated offense clause because it encompassed conduct outside the bounds of generic burglary due to the fact that it prohibited burglary in a "land, water, and air vehicle." *See id*. at * 17 (*citing Mathis*, 136 S. Ct. at 2250). In *White*, the Fourth Circuit held that the West Virginia burglary statute did not qualify as an ACCA enumerated offense of "burglary" under the categorical approach because the statute

criminalized burglary of enclosures excluded from the generic burglary's building or structure element. *Id.* at * 19.  In *White*, the Fourth Circuit did not address whether the statute at issue was divisible because the parties did not brief the issue of divisibility and the district court did not address it.  *Id.* at *24, FN 3.

Similarly, in *United States v. Joe Jackson Gambill*, a federal inmate filed a motion under 28 U.S.C. § 2255 asserting that his enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was invalid following the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) which held that the "residual clause" of the ACCA was unconstitutionally vague.  *See United States v. Gambill*, 2016 U.S. Dist. LEXIS 139616 (W.D. Va. October 7, 2016).  The Defendant argued that his prior conviction for Virginia Statutory Burglary does not qualify as an enumerated offense because it is broader than a generic burglary under the enumerated offense clause and because the statute is non-divisible, meaning that it lists "multiple, alternative means of satisfying one or more of its elements."  *Id.* at *7.  The Government asserted that the Court should use the modified categorical approach because the statute listed elements in the alternative, and thereby defines multiple crimes.  *Id.*  The District Court noted that the *Mathis* opinion provided examples to aid courts in distinguishing "elements" from "means" and thus to determine whether the statute was divisible.  One factor to consider is whether the statutory alternatives carry different punishment.  *Id.* at * 8.  The *Mathis* opinion also directed lower courts to examine state court decisions to determine whether a state statute sets forth alternative elements or alternative means of satisfying a single element.  *See id.* at *10.  In *Gambill*, the district court noted that no Virginia appellate decision definitively states whether the various locations listed in the applicable statute are elements or means.  *Id*. at * 11.  However, the Court stated that the "Supreme Court of Virginia's opinion in *Graybeal v.*

*Commonwealth,* 324 S.E. 2d 698 (Va. 1985), suggests that the listed alternatives are means rather than elements." *Id.* In *Graybeal*, both the Supreme Court of Virginia considered the various locations listed in the statute as interchangeable. *Id.* at * 12.

In *Mathis*, the Supreme Court noted that "elements" are what prosecutors must prove to secure a conviction and what the jury must find beyond a reasonable doubt in order to secure a conviction. *Id.* (*citing Mathis*, 136 S. Ct. at 2248). In *Gambill,* the Court concluded, based on the *Graybeal* decision, that a jury was not required to find beyond a reasonable doubt that the structures at issue were "storehouses" as opposed to "trailers" so any of the options listed in the statute would have sufficed to convict the defendant. *Id.* at * 13. This implies that the various locations listed in the statute are alternative means. *See id.*

In *Gambill*, the Court also noted that the various structures and places listed in the Virginia burglary statute do not carry different punishments, which also suggests the statute is indivisible. *Id.* at * 14. Accordingly, the Court held that the Virginia statutory burglary was indivisible at the time Gambill was convicted in 1993. *Id.* at * 19. Therefore, the Court utilized the categorical approach to analyze whether Virginia statutory burglary was broader than the generic version of burglary. *Id.* at *20. After applying the categorical approach, the Court held that the Virginia burglary statute as a whole is "clearly broader than generic burglary" and concluded that it is not a valid ACCA predicate crime of violence. *Id.* at * 20.

As noted in the *Gambill opinion*, the Virginia statutory burglary statute was not amended during the period from 1993 until 2004. 2016 U.S. Dist. Lexis 139616 at * 3. In the case at bar, the Defendant was convicted of Virginia statutory burglary in 1996 and his indictment is analogous to the indictment referenced in *Gambill*. Therefore, the Defendant urges the Court to adopt the reasoning of the *Gambill* opinion and sustain the Defendant's objections to paragraphs

25, 117, and 118 of the PSR, which improperly designate the Defendant as an armed career criminal because Virginia statutory burglary is not a valid ACCA predicate crime of violence. The statute suffers from the same infirmity as the Iowa burglary statute analyzed in *Mathis* and the West Virginia burglary statute referenced in *White*.

The Defendant acknowledges that there is a split among the district courts of the Fourth Circuit as to whether Virginia statutory burglary is an ACCA predicate crime of violence; however, the Defendant respectfully suggests that the *Gambill* opinion is more persuasive and urges the Court to follow the holding in *Gambill*. Compare *Gambill, supra*, with *Michael Blackwell v. United States*, Case No. 4:10cr00012 (W.D. Va. October 6, 2016) and *United States v. Major*, Case No. 1:11cr16 (E.D. Va. July 27, 2016).

### GUIDELINES CALCULATIONS FOLLOWING AMENDMENT 798 TO THE UNITED STATES SENTENCING GUIDELINES AND *MATHIS v. UNITED STATES*

On August 1, 2016, the United States Sentencing Commission issued Amendment 798 to the United States Sentencing Guidelines, which amended the Career Offender guidelines. Specifically, Section 4B1.2(a) was amended to remove "burglary" as an enumerated offense in the definition of "crime of violence." *See* § 4B1.2 (a)(2). This amendment is relevant to the Defendant's sentencing guidelines because the Defendant's base offense level listed in the PSR is based on § 2K2.1.

The Probation Officer concluded that the Defendant's base offense level was 24, pursuant to U.S.S.G. § 2K2.1(a)(2), because the Defendant was convicted of an offense involving a felon in possession of ammunition and he committed the offense subsequent to sustaining at least two felony convictions for "crimes of violence." *See* PSR, § 19. The Defendant previously objected to this base offense level. "Crime of Violence" for purposes of U.S.S.G. § 2K2.1 has the

6

meaning given to that term in § 4B1.2(a) and Application Note 1 of the commentary to § 4B1.2. *See* § 2K2.1, Application Note 1. Based on the amendments to § 4B1.2, the Defendant's three prior burglary convictions, which are reflected in paragraphs 36, 40, and 41 of the PSR, would no longer be defined as "crimes of violence" pursuant to § 2K2.1. The Defendant objects to the conclusion that his prior conviction for federal bank robbery is a "crime of violence"; however, the Defendant acknowledges that the Fourth Circuit's holding in *United States of America v. James Larry McNeal,* 818 F.3d 141 (4th Cir. 2016) is controlling authority at this time. Accordingly, the Defendant should be treated as committing the instant offense subsequent to one felony conviction for a crime of violence, which would yield a base offense level of 20. *See* § 2K2.1(a)(4)(A). The Defendant also previously objected to the application of specific offense enhancement, pursuant to § 2K2.2.1(b)(6)(B), which in contained in paragraph 20 of the PSR. *See* Def. Pos. Sentencing, p. 15. The Defendant maintain his position that his base offense level is twenty (20). After acceptable of responsibility, the Defendant's total offense level should be seventeen (17). The Defendant's total criminal history score is six (6), which establishes a criminal history category of III. *See* PSR, ¶ 46. At criminal history category III, the Defendant's total offense level yields an advisory sentencing guidelines range of thirty (30) to thirty-seven (37) months.

### CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of November, 2016, I served a true copy of the foregoing via the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record, including:

Andrew C. Bosse, Esq.
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number – 757-441-6331
Facsimile Number - 757-441-6899
Email-andrew.bosse@usdoj.gov

Richard D. Cooke
United States Attorney's Office
SunTrust Building
919 East Main Street
Suite 1900
Richmond, Virginia 23219
Office Number: 804-819-5449
Email-richard.cooke@usdoj.gov

      I hereby certify that on 7th day of November, 2016, I served a true copy of the foregoing

via first class mail to the following non-electronic user:

Darryl A. Upshur
United States Probation
600 Granby Street, Suite 200
Norfolk, VA 235410

                                                                                                                 /s/
                                             Jason A. Dunn, Esq.
                                             Virginia State Bar # 68117
                                             Jason A. Dunn, PLC
                                             565 Birdneck Road
                                             Virginia Beach, VA 23451
                                             Telephone: (757) 383-6848
                                             Facsimile: (757) 383-6849
                                             Email: jason.dunn@jdunnplc.com
                                             *Counsel for the Defendant*